## SHIPP & WOODBRIDGE *vs.* STACKER ET AL.

A. executed to B. his negotiable promissory note, by whom it was transferred to the Mutual Insurance Company, and by that company transferred, after due, to C. The time the note became due, A. had on deposite with said company money nearly sufficient to pay the note, and tendered to the company his check on it for the amount on deposite, and a small sum in money, making together the amount of the note. The company was at that time the owner of the note. *Held:* That this was a sufficient tender, and that the note being transferred to C., the plaintiff, after due, was taken by him subject to all the defences and equities existing between the original parties.

8  145
58a 307

ERROR to St. Louis Court of Common Pleas.

Polk, *for Plaintiff.*

1. The note on which this action was brought is a note for the payment of *money*, and, therefore, it can be discharged by a tender of nothing but money.— 2 Starkie's Ev., 1391.

2. If the pleas demurred to in this case are good, then the necessity of a statute of set-off is done away with. Defendant pleads a tender of a debt due by the insurance company to Woods, Christy & Co., and if this be good, all the defendant would have to do in any case would be to execute and offer the plaintiff an order in his favor for the amount of the debt the plaintiff might owe him, and then plead

*Shipp & Woodbridge* vs. *Stacker et al.*

that as a tender. But at common law, and independently of the statute of set-off, defendant is entitled to deduction of payments in respect of the same transaction only which forms the ground of plaintiffs' action, but not to set-off in nature of a cross-demand.—1 Chit. Plead., 600, 601; 1 Black. Rep., 651; 4 Burr., 2133, 2221; 1 Carr and Payne, 133; (*i. e.*, 11 Eng. C. L. Rep., 345.)

But in this case the debt tendered is created by a transaction entirely distinct from the note. It is even a debt between different parties; a debt due by last endorser to makers of the note. To make the case strongest for appellee, suppose suit had been brought by the insurance company against the present defendant; could it be a sufficient defence, that defendant tendered plaintiff a receipt of Woods, Christy & Co. to them for $914, and $6 in money?

3. The check of Woods, Christy & Co., mentioned in the plea, ought to have been pleaded with a *profert in curia* as well as the money, it being not too inconvenient by reason of bulk and weight.—6 Bac. Abr. 465; Chip. on Contracts, 56, 7, 8, 9, *et ibid.*, 95, 217.

4. If these pleas demurred to are sustained, Woods, Christy & Co., have paid the note, and yet still hold the money with which they paid it; for the money could not pass from them except by the check. But the check not having been received by the insurance company, but refused, of course it was still retained by Woods, Christy & Co., as their property; and it remaining their property, there is no reason why they might not bring suit at any time against the insurance company, and recover the amount of their deposit.

5. But the defence set up in the pleas demurred to cannot operate in the nature of a set-off; for this is not a suit against the makers of the note, who had the deposit mentioned in the plea with the insurance company, but it is against the first endorsers, and the defence set up in the plea is a tender of check to transfer the deposit to the insurance company. But set-off can only be of mutual debts; (1 Chit. Plead., 600, 1;) therefore the debt of the insurance company to Woods, Christy & Co. cannot be a set-off to a claim in favor of Shipp & Woodbridge, against Woods, Stacker & Co. It must, therefore, operate by way of discharging the note. But the note could not be discharged certainly unless the money of Woods, Christy & Co. on deposit with the insurance company was transferred to the insurance company. This could not have been done except by the check. But certainly the check could not operate the transfer unless it had been delivered, for without delivery the property of the check even would not have passed. But the pleas do not allege that the check was delivered; on the contrary, they show that the check was refused.

6. The note in question is payable at the office of the Mutual Insurance Co.; therefore, tender of the money could only be made at such office. But in the pleas the tender is not averred to have been made at the office.—Foden *vs.* Sharp, 4 Johns. Rep., 183; Walcot *vs.* Vansantfoord, 17 Johns. Rep., 248; Caldwell *vs.* Cassidy, 8 Cowen, 271.

*Shipp & Woodbridge* vs. *Stacker et. al.*

Spalding *and* Tiffany; *for Defendants.*

POINTS FOR DEFENDANTS IN ERROR.

1. The note in question being negotiable under our statute, is governed by the laws applicable to inland bills of exchange.—Rev. Code, p. 105, sec. 6.

2. In England, and most of the States, the laws regulating negotiable notes and bills of exchange are precisely the same, as to liability of the several parties to the holder, so that the decisions relative to the liability of the maker of the note transferred when over-due, are authority in the present case.—Chitty on Bills, 548, 564.

3. An inland bill of exchange, if transferred after due, is taken subject to all the defences and equities existing between the original parties. — Story on Bills, 243, 244; 3 Kent's Com., 61; Chitty on Bills, 242, 243, 244; 7 Term Rep., 626; Bailey on Bills, 133; 1 Mass. Rep., 1; 8 Taun. Rep., 388, (17 Eng. C. L., 402); Pick. Rep., 355; 2 Caine's Rep., 369; 1 Johns. Rep., 118; 1 Johns. Rep., 319; 4 Greenleaf's Rep., 415; 13 Peters' Rep., 65; 1 Johns. Cases, 51, 169, 331; 3 Wend. Rep., 18; 1 McMullin's Rep., 258.

Tompkins, *Judge, delivered the opinion of the Court.*

Shipp & Woodbridge brought their action in the Court of Common Pleas against Woods, Stacker & Co., and judgment being there given against them, they prosecute their writ of error, to reverse that judgment.

The declaration states that Woods, Christy & Co. made their certain promissory note in writing, bearing date the 28th day of December, in the year 1841, and thereby promised to pay, four months after the date thereof, to the order of the said defendants, Woods, Stacker & Co., negotiable and payable at the office of the Missouri Mutual Insurance Company of St. Louis, nine hundred and twenty dollars, without defalcation or discount, and for value received, and then and there delivered the said promissory note to the said Woods and Stacker; and the said Woods and Stacker endorsed and delivered the promissory note to the plaintiffs, Shipp & Woodbridge; and that when the money became due, the defendants, Woods and Stacker, did not pay, &c.

The defendants pleaded the general issue, and two special pleas, in substance as follows, viz.: that the note sued on was endorsed and delivered to the Mutual Insurance Company at the time of its date, which company then and there became, and continued to be, the owner and holder of the same after it became due; and when it became due, said Woods, Christy & Co., the makers thereof, then and before having the sum of nine hundred and fourteen dollars on deposit with the said company, went thither and tendered six dollars in money, and also tendered their check or order for the amount of that deposit, both together making the amount of the note, but that the said insurance company refused to receive the payment, and that the defendants have ever since been ready and willing to pay the said note in the manner aforesaid, and still are ready, &c.; and they aver that, at the time the plaintiff acquired the note, they had notice of the offer by the defendants to pay, &c.

The plaintiffs demurred to the special pleas, and judgment was given on the demurrer for the defendants. This seems to be a very good plea of tender; it being demurred to, the payment of the defendants' money on deposit, $914, is thereby admitted by the plaintiffs.

The note on which this declaration is framed is negotiable under our statute.— See the 6th section of the act concerning bonds and promissory notes, which declares such notes to be negotiable and payable in like manner as inland bills of exchange; Digest of 1835, p. 105.

Chitty says, "there is a material distinction in the effect of a transfer before a note is due, and one made after that time; in the first case, the transfer carries no suspicion on the face of it, and the assignee receives it on its own intrinsic credit, nor is he bound to inquire into any of the circumstances existing betwixt any of the previous parties to the bill, as he will not be affected by them," &c.

But when a transfer of a bill is made after it is due, whether by endorsement or mere delivery, it has long been settled, that at least it is to be left to the jury, upon the slightest circumstances, to presume that the endorser was acquainted with the fraud, or had notice of the circumstances which would have affected the validity of the bill in the hands of the holder thereof, at the time it became due, &c. —Chit. on Bills, 242, 243.

The statute above cited having declared that notes such as this here declared on "shall be due and payable as therein expressed, and shall have the same effect, and be negotiable in like manner, as inland bills of exchange," the plaintiffs in this action below, and appellants here, will be held to be informed that defendants tendered the money due on the bill or note sued on as in the special plea stated.

The Court of Common Pleas, then, as it seems, committed no error in over-ruling the demurrers to the special pleas, and the parties to the record having agreed that judgment in this Court may be entered up as if the sum of six dollars due, over above the money of the defendants on deposit in the office of the said company, were already paid, the Court now affirm the judgment of the Court of Common Pleas.