THE LEAVENWORTH AND DES MOINES RAILROAD COMPANY, Rela tor, *v*. THE COUNTY COURT OF PLATTE COUNTY, Respondent.

1. *Railroads — County Court — Subscription —Election —Construction of Stat-*
*ute.*— The power given by section six of the act to incorporate the Platte City and Fort Des Moines Railroad Company (Adj. Sess. Acts 1859–60, p. 443), to the County Court of Platte county, to subscribe capital stock to said company, is, by section eight of the same act, made subject to the general railroad law.  (R. C. 1855, p. 427, § 30.)  And the true meaning and effect of this law is, that an election to ascertain the sense of the tax-payers as to such subscription is a necessary condition of the power to subscribe.  A subscription made without such election was without authority of law, and void.

*Norton, Merryman, Doniphan*, and *Clough*, for appellant.

I.  The County Court of Platte county, by virtue of the sixth section of " An act to incorporate the Platte City and Fort Des Moines Railroad Company," approved January 4, 1860 (Adj. Sess. Acts 1859–60, p. 443), was fully invested with the power to subscribe to the capital stock of said company, and issue the bonds of the county to raise funds to pay the stock thus subscribed.    This section confers upon the County Court of Platte county a particular authority, unrestrained by section thirty of an act entitled " An act to authorize the formation of railroad

associations, and to regulate the same" (R. C. 1855, p. 427), to subscribe to the capital stock of this particular company, without requiring an election to be held to ascertain the sense of the tax-payers. (Mo. & Miss. R. R. Co. v. The County Court of Macon county, 41 Mo. 453; Dunklin County v. The District Court of Dunklin County, 23 Mo. 449 *et seq.*)

II. In the act of January 14, 1860 (Adj. Sess. Acts 1859–1860, p. 88), there is no repeal of that of January 4, 1860, nor is there any absolute inconsistency between the two acts. The act of January 4, 1860, was a special law delegating to the County Court of Platte county a power to subscribe stock in this particular company; the act of January 14, 1860, was a general law regulating the power of county courts generally, under a general statute, to subscribe stock to railroads generally. The special permission to the County Court of Platte county, in section six of the act of January 4, 1860, to subscribe stock to the Platte City and Fort Des Moines Railroad Company, without submitting the question to a vote of the tax-payers, may well subsist with the general prohibition in the act of January 14, 1860, requiring county courts, before subscribing stock to railroad corporations, for information, to take the sense of the tax-payers touching such subscription. Repeals by implication are never favored, and the repugnancy between the provisions of two statutes must be clear, and so contrary to each other that they cannot be reconciled, in order to make the latter operate as a repeal of the former. (Sedg. on Stat. & Cons. Law, 250; 2 Ohio St. 610; 5 Ind. 415; 6 Ind. 356; 10 Ohio, 177.)

III. Section eight of the act of 1860 (Adj. Sess. Acts 1859–60, p. 443) relates in its provisions to section seven, and not to section six.

IV. If section thirty of the general law applies, plaintiff insists that the provision requiring a note for information is merely directory, and not mandatory. (23 Mo. 449.)

*Jewitt* and *Campbell*, for respondent.

I. On the 6th of April, 1860, the County Court of Platte county made the order purporting to subscribe $100,000 to the

Platte City and Fort Des Moines Railroad. Neither before that time nor since, nor at any time, has any vote of the tax-paying citizens of Platte county been taken as to such subscription. It was the subscription of the County Court alone and unsupported. That court had no power to make such subscription without first submitting the matter to a vote of the tax-payers. The charter of the company, entitled "An act to incorporate the Platte City and Fort Des Moines Railroad Company," approved on the 4th day of January, 1860 (Adj. Sess. Acts, 1859–60, p. 443), gives no such power. For section six of said charter is to be taken in connection with section eight. Section eight incorporated into said charter section thirty of "An act to authorize the formation of railroad associations, and to regulate the same," approved December 13, 1855 (R. C. 1855, p. 427). It is provided in said section thirty that "it shall be lawful for the County Court of any county," etc., "to subscribe to the capital stock of any railroad company duly organized under this or any other act of this State; and the County Court," etc., "subscribing, or proposing to subscribe, to such capital stock, may, for information, cause an election to be held to ascertain the sense of the tax-payers of such county," etc., "as to such subscription," etc. The word "may," here used, is imperative. It is equivalent to "must" or "shall," for the tax-payers have a right to be consulted before their property is confiscated. The public have to pay any such subscription, and therefore the public interest is concerned, and "may" is to be construed as "must" or "shall." (Newburg Turnpike Co. v. Miller, 5 Johns. Ch. 113, and authorities; Malcolm v. Rogers, 5 Cow. 188; Alderman Backhill's case, 1 Vern. 152; Rex v. Barlow, 2 Salk. 609; Stamper v. Miller, 3 Atk. 211; Attorney General v. Lock, 3 Atk. 166; Rex v. Inhabitants of Derby, Skin. 370; 1 Peters, 64; Blake v. Portsmouth and Concord Railroad, 39 N. H. 435.) Even if the word "may" should be interpreted otherwise than as above insisted, this would still follow; because, on the 14th day of January, 1860, just ten days after the approval of the charter of the railroad now demanding this mandamus, an act was approved entitled "An act to amend an act entitled 'An act to authorize the formation of railroad

associations, and to regulate the same,' approved December 13, 1855." By this act the words "may, for information," are changed into "shall, for information." Now, in the construction of statutes, all acts in *pari materia* are taken as if they were one act—one law. (Chambers v. City of St. Louis, 28 Mo. 575; Wakefield v. Phelps, 37 N. H. 295; Attorney General v. Brown, 1 Wis. 513; 1 Kelly, 32; Mitchell v. Duncan, 7 Florida, 13.)

II. Statutes in derogation of common right, and charters of incorporation, are to be strictly construed. (3 Kelley, 31; 35 Miss. 189.) If, in a charter of incorporation to a railroad company, a power is given to a portion of the State government, such as the County Court is, that power is to be exercised in conformity to any limitations imposed by law. The charter of the Platte City and Fort Des Moines Railroad may confer the power on the County Court to subscribe stock to said railroad, but it neither impliedly nor expressly repeals section thirty of the act of December 13, 1855, above referred to. There is no express repealing clause, and the charter and the act of December 13, 1855, can well stand together. (Ludlow v. Johnson, 3 Ohio, 553; Dodge v. Gridley, 10 Ohio, 173.)

HOLMES, Judge, delivered the opinion of the court.

This is an application for a mandamus upon the County Court of Platte county, to require the court to issue the bonds of the county in pursuance of an alleged subscription to the stock of the Leavenworth and Des Moines Railroad Company, under "An act to incorporate the Platte City and Des Moines Railroad Company," approved January 4, 1860, and certain other amendatory acts. (Adj. Sess. Acts 1859–60, p. 443, § 6; *id.* p. 88, §§ 1, 2; R. C. 1855, p. 427, §§ 30–35.)

The case depends upon the construction which is to be given to the first-named act, by which the company was chartered. The sixth section gives the County Court a general power to subscribe stock. By the eighth section this power is expressly limited, and made subject to the provisions of the general railroad law (R. C. 1855, p. 427, § 30), which provides that the County Court "may, for information, cause an election to be held to ascertain the sense

of the tax-payers" as to such subscription. No such election was directed. This was a necessary condition of the power to subscribe. That all the sections of the act are to be construed together is a well-settled rule of construction. The word "may," in this clause, must be interpreted to mean "shall." It is a power given to public officers, and concerns the public interest and the rights of third persons, who have a claim *de jure*, that the power shall be exercised in this manner for the sake of justice and the public good. (Newburg Turnpike Co. v. Miller, 5 Johns. Ch. 113; Blake v. Portsmouth and Concord R.R., 39 N. H. 435; Malcolm v. Rogers, 5 Cow. 193; 2 Salk. 609.) This construction is confirmed by the act passed at the same session amendatory of this thirteenth section, and making the act read "shall" instead of "may." This amendment may be taken as declaratory of the true meaning of the former act. It follows that the subscription, as made, was without the authority of law, and void. If the subscription had been lawfully made, it might have become the imperative duty of the County Court to issue these bonds, and the performance of that duty might have been enforced by the writ of mandamus. In the positive require-ment that the sense of the tax-payers should first be taken, it is necessarily to be implied that the power was not to be exer-cised without their consent and authority. In this view of the matter, it is apparent that the case of The Missouri and Missis-sippi Railroad Company v. The County Court of Macon county, decided by this court at the October term, 1867, and other cases relied upon by the petitioner, relating to the question of a repeal of a special act by a subsequent general law, have no application to this case.

This conclusion being decisive of this application, it becomes unnecessary to consider further the other points which have been presented in the argument.

Peremptory mandamus refused. The other judges concur.