A. C. WOOD, Appellant, *v.* O. P. NEWBERRY, Respondent.

1. *Practice, civil — Actions — Suit on judgment before a justice.—* When a debtor in a judgment before a justice has left the county in which the judgment was rendered, the judgment creditor is at liberty to revive his claim by a direct suit upon the judgment itself.

*Appeal from Cameron Court of Common Pleas.*

*McCandless & Henry*, for appellant.

Under the statute (R. C. 1855, p. 951, § 6 ; Gen. Stat. 1865, p. 712, § 6) the appellant could not sue out an execution unless the judgment was first revived, and this could only be done by a citation served on the defendants, which citation could only be served by the constable of the township in which the suit was pending in his county, and not out of it. Defendant moved from the county of DeKalb (where the suit was pending) to Clinton county in 1862, and has not resided in DeKalb county since, except during the year 1865 ; and as plaintiff could not find the defendant in said county of DeKalb, he has been unable to serve notice on him to revive the judgment. Plaintiff's remedy was

by a direct suit on the transcript of the judgment before the justice, and not by taking the extraordinary step of filing a transcript of the judgment of the justice in the office of the circuit clerk of the county where the judgment was rendered. (Counsel here cited and commented on Bauer v. Bauer, 40 Mo. 61, and Carpenter v. King *et al.*, 42 Mo. 219.)

*Robert Caldwell*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

This suit was founded upon a judgment of a justice of the peace. The judgment was rendered in DeKalb county, March 9, 1861. The present suit upon that judgment was commenced July 29, 1871, in Clinton county, where the defendant had resided for a number of years. It is not claimed that the judgment is barred by the statute of limitations, or that it is in any respect defective or informal. The only point urged against a recovery upon it in this action is that the plaintiff has mistaken his remedy; that instead of suing upon it, he ought to have taken measures under the statute to revive it. There is no force in the objection. The judgment was dormant. The judgment debtor had left the county where it was rendered, and the judgment creditor was at liberty to revive his claim by a direct suit upon the judgment itself.

The judgment of the court below will be reversed and the cause remanded. The other judges concur.