JOHN R. LIONBERGER, Respondent, *v.* MICHAEL KINEALY, Appellant.

November 28, 1882.

BANKS AND BANKING — PAYMENT OF NOTE BY CHECK.— A bank assigned for the benefit of its creditors. A guarantor of a note owned and held by the bank, having on deposit nearly the amount of the note, tendered his check to the assignee for this sum and cash for the balance necessary to pay the note. *Held*, in an action by the assignee against the maker of the note, that this was, in effect, a payment of the note, and discharged the maker.

APPEAL from the St. Louis Circuit Court, HORNER, J.

*Reversed and remanded.*

M. KINEALY, *pro se.*

JOHN D. DAVIS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant executed and delivered to Zelle Bros. his two promissory notes in their favor, dated October 26, 1878, and payable sixty days after date, one for the sum of $1,450, and the other for $98.40. The payees indorsed and delivered the notes, before maturity, to the Broadway Savings Bank, and, on December 28, 1878, wrote over their signature on each note the words: "We hereby guarantee payment on the within note." On May 22, 1879, the bank made a statutory assignment for the benefit of its creditors, under which the present plaintiff has, in due course of law, become the assignee. At the time of the assignment Zelle Bros. had on current deposit in the same bank, the sum of $1,415. Afterwards, on August 19, 1879, Zelle Bros. tendered to the plaintiff as assignee, their check on the bank for the amount of their deposit, and offered in cash the remainder necessary to pay off the notes. This tender was refused. Zelle Bros. directed an application of their deposit to a payment upon the notes, and still continue that order, declaring their readiness at all times to pay the bal-

ance in cash. The question for determination is, whether the facts contain a defence against this suit on the notes? The circuit court held that there was no sufficient defence, and rendered judgment against the defendant for the full amount of the notes and interest.

The defendant holds that the guaranty signed by Zelle Bros. was a waiver of notice and protest, so that they became liable, at the maturity of the notes, as principal debtors; and that, therefore, their tender to the plaintiff of a check for the amount of their deposit in his hands, together with the balance in money, enured to the benefit of defendant, as a co-debtor, and operated his discharge. There is some inexactness in the use of the word *tender* in this connection. There is no legal tender by check, and the effect of a tender, in Missouri, when properly made, is not to discharge the debt, but only to affect the costs, or the accruing interest, according to circumstances. Nor can there be a tender of money to one who already has it in possession. If the check transaction in this case is to have any legal effect, it must be as a payment, and not otherwise.

For the plaintiff, it is insisted that the facts present no available defence, otherwise than by way of set-off; and that this must be ineffectual, because the holders of the supposed set-off are not parties to the suit, and the defendant, if, by virtue of the check, he claims to be a transferee of Zelle Bros.'s deposit, has become such since the bank's assignment for the benefit of its creditors, and, therefore, cannot interpose a set-off on that account. *Stifel* v. *Hospes*, 8 Mo. App. 566.

But whatever view may be entertained of these conflicting theories, a controlling decision of our supreme court must determine this cause upon a basis which does not seem wholly to harmonize with either. The case of *Shipp* v. *Stacker* (8 Mo. 145) furnishes a perfect parallel. That suit was against the indorsers of a promissory note for $920.

The defendants pleaded that, when the note matured, the makers had on deposit with the holder the sum of $914, and forthwith tendered to the holder a check for the amount of this deposit, together with $6 in money, which the holder refused to receive in payment of the note. In that case, as in this, the tender of the check was made by a depositor who was a principal debtor, but was not a party to the suit. The plea was demurred to by the plaintiffs, but their demurrer was overruled, and judgment was given for the defendants. The supreme court affirmed the action of the court of common pleas, and, reciting that the parties to the record had agreed that a final judgment might be entered as if the said sum of $6 had been actually paid, rendered a final judgment affirming the judgment for the defendants, as to the entire sum in controversy. This, clearly, was treating the check transaction, not as a mere tender, nor as a claim of set-off, but as a payment. The opinion somewhat loosely refers to the "plea of tender," but adds that, "it being demurred to, the *payment* of the defendants' money on deposit, $914, is thereby admitted by the plaintiffs."

Counsel for the plaintiff urges that there could not be a payment without the consent of the party paid ; in other words, that the check could not operate a transfer of the deposit to the plaintiff, when he refused to receive it. It is noticeable in the report of the case just referred to, that precisely the same point was there made by counsel for the plaintiffs. It had no weight, however, with the supreme court, possibly for the reason that, in such a case, consent was not necessary, since the payee already had the money in its possession, and the tender of the check was merely a surrender or waiver of the depositor's claim thereto. The point was also made, that there could be no set-off, because the depositor was not a party to the suit. This was unquestionably true, in that case, as in this.

To treat the check transaction, in this case, otherwise than as a payment made by one of the principal debtors, would be

simply to overrule the decision in *Shipp* v. *Stacker*. We feel bound to follow that decision. It results that the defendant, in his defence, is not under the disabilty of a transferee of a claim against the plaintiff's assignor, acquired subsequently to the assignment. His position is, to the extent of the deposit and check of Zelle Bros., that of a debtor whose debt has been paid by a co-obligor. The law is settled that, a general assignee for the benefit of creditors takes the property of his assignor subject to all existing equities. The notes, as against Zelle Bros., who had become principal debtors therein, were subject to their claim as depositors with the assignor, when the assignment was made. They had a right to pay their debt with their deposit, as far as it would go, and, in contemplation of law, they did so. The judgment will be reversed and the cause remanded. All the judges concur.