EDWARD COLES, Respondent, *v.* CHARLES FOLEY, Appellant.

### January 30, 1883.

1. UNLAWFUL DETAINER — DEFAULT — JUDGMENT — PRACTICE. — On default of the defendant in unlawful detainer, on appeal from a justice, the circuit court may, a jury not being demanded, assess the damages and the monthly value of the premises, and render judgment accordingly.

2. —— In such a case the court is not bound to affirm the judgment of the justice or to dismiss the appeal.

3. —— DAMAGES. — The amount of damages found cannot exceed the amount claimed in the petition.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded with directions.*

W. C. Marshall, for the appellant: The circuit court erred in trying the case *de novo*. Its jurisdiction was limited to either affirming the judgment of the justice or dismissing the appeal. — Rev. Stats., sects. 1000, 2487, 2488 ; *Feedler* v. *Schroeder*, 59 Mo. 364. The damages claimed in the petition were laid at $100. The damages allowed by the court amounted to $210. This was error. — *Wright* v. *Jacobs*, 61 Mo. 23 ; *Feedler* v. *Schroeder*, 59 Mo. 364 ; *Moore* v. *Dixon*, 50 Mo. 424 ; Rev. Stats., sect. 3683.

R. Hirzel and John O'Grady, for the respondent.

Thompson, J., delivered the opinion of the court.

This was an action of unlawful detainer, brought against a tenant who is alleged to have unlawfully held over after the expiration of his lease. The statement of the plaintiff recites the lease, charges the unlawful holding over after its expiration, lays the value of the monthly rents and profits at $35, and claims damages in the sum of $100. The plaintiff had a judgment before the justice, and the defendant appealed to the circuit court. When the cause came on for trial before the circuit court, the defendant failed to prosecute his appeal, and did not answer when called. The plaintiff was present in court, and announced himself ready for trial, although he had not before entered an appearance in the cause. The court proceeded to try the cause *de novo* without a jury, and found that the complainant had sustained damages in the sum of $105, and that the value of the monthly rents and profits was $35. The court therefore proceeded to render judgment for the sum of $210, double the sum assessed by the court as the complainant's damages, and also a judgment for rents and profits at the rate of $70 per month, double the value of the monthly rents and profits so found by the court.

The defendant afterwards appeared and filed in due time motions for new trial and in arrest of judgment, and, in this manner, sayed exceptions to the action of the court.

The grounds on which we are asked to reverse the judgment are : 1. That the court had no power to try the cause *de novo;* that under the statute, its power was limited to affirming the judgment of the justice or dismissing the appeal. This involves the construction of several sections of the statute relating to the action of forcible entry and detainer. We are of opinion that this statute was designed to furnish a complete scheme or code of procedure with reference to this class of actions, and that its provisions are not necessarily to be construed *in pari materia* with the general provisions of the statute relating to practice, or with the provisions of the statute relating to practice in cases originating before justices of the peace.

The sections of the statute relating to forcible entry and detainer which bear upon the question before us, are as follows : " In all cases where the complainant shall have removed the cause, by *certiorari* or appeal, and shall not have filed a sufficient affidavit or recognizance, and shall fail to perfect the same according to the order of the court, or shall have failed to file any affidavit or recognizance within the time required by law, or shall not prosecute his suit or appeal, the same shall be dismissed." Rev. Stats., sect. 2487.

" In case of such default, by a defendant suing out a *certiorari*, judgment may be rendered against him by default ; or in case of appeal, if he be appellant, the judgment of the justice may be affirmed or the appeal dismissed." *Ibid.*, sect. 2488.

" When an appeal shall be dismissed, such dismissal shall be certified to the justice, who shall, thereupon, issue execution without delay." *Ibid.*, sect. 2489.

" In case of a judgment by default, a jury, or the court, if no jury be required, shall assess the monthly value of the premises, and the damages and judgment shall be rendered on the verdict accordingly." *Ibid.*, sect. 2490.

The meaning of these sections is not entirely clear.
The " default " referred to in section 2488, is the default
described in the preceding section 2487 ; but this default
undoubtedly includes the default of not prosecuting his
appeal where the appeal is taken by the defendant ; and
there is no doubt that in such a case, it is competent for the
circuit court to dismiss the appeal, or to affirm the judg-
ment.    *Feedler* v. *Schroeder*, 59 Mo. 364.    But it does not
follow that the court is bound to take this course.    Section
2488 says :  " The judgment of the justice *may* be affirmed
or the appeal dismissed."    It is urged that the word
" may " ought to be construed so as to read  " shall."    It
is argued that, although a summary judgment cannot be
rendered in this proceeding against the sureties in the ap-
peal-bond, yet they are liable in a separate action on the
bond, and their liability is measured by the judgment re-
covered against their principal in the circuit court ; and,
having reference to their rights, the principle is appealed
to that the word " may " in a statute, will be construed
so as to read " shall " or " must," where the rights of
third persons are involved.    *Leavenworth, etc., R. Co.* v.
*County Court*, 42 Mo. 171, 175 ; *Steines* v. *Franklin
County*, 48 Mo. 167, 178.    This principle is not ques-
tioned, and its application in the interpretation of section
2488 might be admitted if this section stood alone.    But
to give such an interpretation to section 2488 would en-
tirely ignore the provisions of section 2490.    This section
requires the court, in case of a judgment by default where
no jury is required, to assess the monthly value of the
premises, and the damages, and to render judgment upon
the verdict accordingly.    This is precisely what the court
did in this case.    This was clearly the case of a judgment
by default against the defendant.    He had taken and per-
fected his appeal, but when the cause was reached for trial
he was not present ; he was then called and failed to ap-

pear; and then the court proceeded with the cause in conformity with this section. Now, if we were to adopt the view of the learned counsel for the appellant, we should commit the solecism of declaring that the circuit court committed error in proceeding according to the terms of one section of the governing statute, which reads " shall," instead of proceeding according to the terms of another section which reads " may."

2. Upon the question as to the amount of the damages, we think the court committed error. The verdict or finding of damages cannot, in such a case, exceed the amount of damages claimed in the plaintiff's statement, but these damages are required to be doubled by the statute. *Feedler* v. *Schroeder*, 59 Mo. 364, 366. In this case, the damages claimed in the statement are $100. The damages found by the circuit court are $105, and this sum is doubled under the statute, so that the judgment is for $210, besides the judgment for double the amount of rents and profits found by the court. The court fell into an error in finding the damages to be $105, and in rendering the judgment upon such a basis. But this does not require the granting of a new trial; the judgment may be reformed by rejecting the excess.

The judgment of the circuit court will be accordingly reversed and the cause remanded, with directions to enter judgment for $200 damages, and for $70 per month rents and profits, the same being double the amount of the damages alleged and found, and double the value of the rents and profits, according to the finding of the trial court. It is so ordered. All the judges concur.