## WILLIAM MONKS, Respondent, v. A. A. STRANGE, Appellant.

### St. Louis Court of Appeals, February 23, 1887.

1. JURISDICTION—CIRCUIT COURTS.—The circuit court has no jurisdiction of an action on a judgment where the petition alleges that the sum of fifty dollars, with interest from the date thereof, is due thereon.

2. —— ATTACHMENT.—In attachment proceedings the circuit court has jurisdiction of actions for fifty dollars or less, where the affi-

davit shows that the defendant has no goods, chattels, effects, or credits subject to attachment issued by a justice of the peace.

APPEAL from the Howell County Circuit Court, J. R. WOODSIDE, Judge.

*Reversed and remanded.*

LIVINGSTON & PITTS and L. B. WOODSIDE, for the appellant: The affidavit was insufficient to give the circuit court jurisdiction of the cause of action and the judgment is void. *The State v. Lawrence*, 45 Mo. 492; *Henderson v. Henderson*, 55 Mo. 534; *Graves v. McHugh*, 58 Mo. 499.

D. H. McINTYRE, for the respondent: The petition alleged that the amount recovered was fifty dollars with costs, so that the judgments sued on in this action was necessarily more than fifty dollars, and the petition also alleged that no part of said judgment or debt had been paid. It was necessary to plead this, and the defendant's demurrer admitted the truth of these allegations. It hence stands admitted of record that the amount sued for was more than fifty dollars. Bliss on Code Pleadings, sect. 418; Stephen's Pleadings, sect. 143; *Eans v. Bank*, 79 Mo. 182, 186.

THOMPSON, J., delivered the opinion of the court.

This was an action in the circuit court on a judgment of a justice of the peace, the record of which is alleged to have been destroyed by fire, the object of which seems to have been to secure an attachment against real estate of the defendant. The petition recites the recovery by the plaintiff of the judgment before the justice in the sum of fifty dollars, with costs, and, after reciting other facts, concludes by alleging that "the sum of fifty dollars is still due upon such judgment, with interest from the rendition of said judgment, for which he asks judgment." A demurrer to the

petition, setting up the conclusiveness of the former adjudication by the justice as a bar to this action, was overruled ; a trial of the issues was had before the court sitting as a jury, and the court found the issues in favor of the plaintiff, finding that the defendant was indebted to him in the sum of seventy-one dollars, and rendered a general judgment in his favor for this amount, with an order for a special execution against the real estate levied on under the attachment.   From this judgment the defendant has appealed to this court.

Section 1102 of the Revised Statutes, defining the jurisdiction of the circuit courts, provides that they shall have "concurrent original jurisdiction with justices of the peace in all civil actions and proceedings for the recovery of money, whether such actions be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in all civil actions or proceedings, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, shall exceed fifty dollars and does not exceed one hundred and fifty dollars."   Section 401 of the Revised Statutes recites that "attachments may issue from a court of record for a sum less than fifty dollars, and not for less than five dollars, when, in addition to the affidavit hereinafter required, it shall be stated by the affiant that the defendant has not, to affiant's knowledge, any goods, chattels, effects, or credits, within the state, liable to attachment issued by a justice of the peace."   An examination of the record shows that the plaintiff has not brought his case within either of these statutory provisions.   He has not brought it within the provisions of section 1102, because his allegation is that fifty dollars is due on the justice's judgment on which he sues, and he does not allege that any sum is due exceeding fifty dollars.   He does not bring it within the provisions of section 401, because his affidavit for attachment does not state that "the defendant has not, to affiant's knowledge, any goods, chattels,

effects or credits, within the state, liable to attachment issued by a justice of the peace."

If section 401, Revised Statutes, is construed literally, this case could not have been made to fall within the terms of either statute, because section 1102, Revised Statutes, limits the general jurisdiction of the circuit courts to cases where the amount in controversy *is more than* fifty dollars, exclusive of interest and costs, and section 401, which, for the purpose of giving an attachment in the circuit court against land, where the defendant has no goods and chattels within the state upon which an attachment can be levied, creates an exception to the general rule prescribed in section 1102, by its literal terms applies only to cases where the sum demanded *is less than* fifty dollars. Now, in this case the sum demanded is *exactly* fifty dollars, and if we stand upon the letter of section 401, the plaintiff could not, by making the affidavit prescribed in that section, have brought his case within its terms, so as to entitle him to an attachment leviable upon the defendant's lands. We are of opinion, however, that the legislature did not intend such an anomaly. We think that section 401 is to be construed as an exception to the general rule stated in section 1102, and that the exception must fit into the rule, so to speak; in other words, that the words of section 401, "for a sum less than fifty dollars," are to be construed as meaning, for the sum of fifty dollars or less. There is abundant precedent for departing from the literal meaning of statutes in order to give effect to the obvious intent of the legislature. *The State v. King*, 44 Mo. 283; *Connor v. Railroad*, 59 Mo. 285; *The State v Diveling*, 66 Mo. 375. Thus the word, "grantor," in a statute, has been construed to mean "grantee" (*Carter v. Soulard*, 1 Mo. 576); the word "such" has been rejected as a clerical inaccuracy (*The State v. Beasley*, 5 Mo. 91); the word "and" has been construed to mean "or" (*Bank v. How*, 56 Mo. 53); the words "purchasers of incumbrancers" have been held to mean "purchasers

or incumbrancers" (*Turner v. Babb*, 60 Mo. 342); and, in a familiar class of cases, the word "may" is construed to mean "shall" or "must." *Spaulding v. Suss*, 4 Mo. App. 541; *The State v. Railroad*, 51 Mo. 532; *Railroad v. Platte County*, 42 Mo. 171; *Steines v. Franklin County*, 48 Mo. 167.

It thus appears that the plaintiff has not stated a case within the jurisdiction of the circuit court. But this defect may be cured by an amendment of his petition, or of his affidavit for an attachment. If the plaintiff paid the costs of the justice's court, he will be entitled to recover them back, and this amount would swell the amount for which he is entitled to sue beyond the sum of fifty dollars, so as to bring the case within section 1102, Revised Statutes. But if the amount for which he is entitled to sue is, in fact, as stated in his petition, the sum of fifty dollars, exclusive of interest and costs (which means the costs of the court in which the present action is brought), then it will be competent for him to amend so as to show jurisdiction, by making the affidavit prescribed in section 402, Revised Statutes. This court has held that causes may be remanded for the purpose of amending, even where the amendment is necessary to show jurisdictional facts. *Branahl v. Watson*, 11 Mo. App. 587; s. e., 13 Mo. App. 4; *Keane v. Bartholow*, 4 Mo. App. 507, 510; *Brecht v. Corby*, 7 Mo. App. 300, 305; *Vaughn v. Railroad*, 17 Mo. App. 4.

We think it proper to add that, in our judgment, the demurrer to the petition, which was grounded on the fact of the prior adjudication before the justice, was properly overruled. A judgment is a debt of record, and may ordinarily be made the foundation of another action, the same as any other instrument by which an indebtedness is evidenced. The plaintiff could not get a transcript for the purpose of filing it in the office of the clerk of the circuit court without restoring the record under the statute, and as, according to his affidavit, the defendant was about to leave the state, it may not have

been practicable for him to do that, since that can not be done without notice to the other party to the judgment. *George v. Middough*, 62 Mo. 549. There seems to have been no other practicable course left open to the plaintiff except to bring a second action by attachment upon the judgment. The destruction of the record did not destroy the judgment, and in a second action upon it, it was competent to prove the fact of its rendition and the amount thereof, by parol, after laying the proper foundation by proving the destruction of the record. *Parry v. Walser*, 57 Mo. 169. In *Wood v. Newberry* (48 Mo. 322), an action was also sustained upon a justice's judgment rendered in this state. Although the judgment was more than ten years old, and hence, dormant, which is not the case here, we do not understand that the principle is different. If the judgment debtor wishes to avoid the consequences of a second action, he can do so by satisfying the judgment. Whether the plaintiff, in a judgment recovered against an insolvent debtor, may maintain successive actions upon the judgment, for the mere purpose of harrassing his debtor and accumulating costs, is a question not presented by this record.

The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.