Schwoerer v. Christophel.

CHARLES SCHWOERER, Appellant, v. ELIAS P. CHRISTOPHEL *et al.*, Respondents.

St. Louis Court of Appeals, December 10, 1895.

1. **Forcible Entry and Detainer**: PROCEEDINGS ON APPEAL: FAILURE OF PROSECUTION. The provisions of the statute, regulating appellate proceedings in actions of forcible entry and detainer, are special and preclusive; and when the appellant in such an action fails to appear at the trial in the circuit court, the judgment of affirmance authorized by statute in such a case is the only one which can properly be rendered.

2. ———: ORDER SETTING ASIDE AFFIRMANCE OF JUDGMENT OF JUSTICE: RIGHT OF APPEAL. *Held*, in the course of discussion, that when the judgment of a justice of the peace in such an action is affirmed by the circuit court for failure of the appellant to appear at the trial, and subsequently the judgment of affirmance is set aside by order of that court, such order is not appealable under the statute providing for an appeal from the granting of a motion for new trial; nor does it matter that the motion, on which such order is made, in terms prays for a new trial.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

APPEAL DISMISSED.

VOL. 64 app—6

*G. A. Finkelnburg* and *Rombauer & Rombauer* for appellant.

*Frost & Joy* for respondent.

BOND, J.—This action for unlawful detainer was begun before a justice to recover the northern portion of a lot, twenty-five by one hundred and thirty-two and one half feet, which it was alleged defendants had wrongfully seized and inclosed with a fence; also to recover monthly rents and profits. Upon a trial before the justice, plaintiff had judgment, from which the cause was taken to the circuit court by appeal, where it came on for hearing on the thirtieth of October, 1894, when it was reset, upon defendants' motion, for trial in January, 1895. On the fourteenth of January, 1895, said cause was reached for hearing, when plaintiff's attorney, defendant not appearing, moved that the judgment be affirmed for failure to prosecute the appeal, which motion was overruled. Thereupon the court, a jury being waived, proceeded to try the case in the absence of defendants and their counsel, and rendered a verdict and judgment for plaintiff for the possession of the property sued for and for monthly damages. Defendants moved the court to set aside the same and for new trial, on the ground of a misunderstanding between counsel as to the time when the cause would be called for trial. Upon consideration of this motion and the affidavits of respective attorneys for the parties, the court set aside its verdict and judgment, to which ruling plaintiff excepted, and he appealed to this court under the act permitting appeals from orders granting new trials.

Before passing on the errors assigned, it is necessary to determine whether the order of the trial court, setting aside and vacating its judgment in this case, is

subject to appeal. Respondents insist that no appeal
lies in the present state of the record, since it appears
therefrom that the order of the court setting aside its
judgment and granting a new trial was in legal effect
merely the vacation of a judgment rendered without
an examination of any issues between the parties, and
hence a default, and that no appeal can be taken from an
order annulling a judgment so rendered under the act
governing appeals from orders granting new trials.
Session Acts, 1895, p. 91.

The provisions of the law regulating proceedings
before justices, and transfers thereof to the circuit
court by *certiorari* or appeal, in actions of forcible entry
and detainer are special and preclusive. *Hastings v.
Hennessey*, 52 Mo. App. 172-176; *Johnson v. Fischer*,
56 Mo. App. 552–556; *Carter v. Tindall*, 28 Mo. App.
316. Neither the justice, nor the circuit court in the
exercise of its derived jurisdiction, can exceed the
authority granted by the forcible entry act, which act
constitutes a separate and independent scheme, and
prescribes the minutest details of the proceedings there-
under, covering every step from the issuance of pro-
cess up to and including the rendition of judgment and
the writ of restitution. Revised Statutes of 1889,
chapter 68, arts. 1 and 2. Hence, when the present
case was taken to the circuit court on defendants
appeal, the extent of authority in that court to dispose
of it depended wholly on the terms of the statute gov-
erning such appeals. The language of the statute
applicable to such status is found in section 5156 of the
Revised Statutes of 1889, and is, to wit:

"In case of such default by a defendant suing out
a *certiorari*, judgment may be rendered against him by
default; or, in case of appeal, if he be appellant, the
judgment of the justice may be affirmed or the appeal
dismissed."

The second clause of this act applies to the facts of the case at bar. The only authority therein devolved upon the circuit court is to affirm the judgment of the justice against defendant or to dismiss his appeal. *Feedler v. Schroeder,* 59 Mo. 364. Under this statute the circuit court possessed no authority, upon the default of defendant in prosecuting his appeal, to render any other than the statutory judgment of affirmance or dismissal. A different view of the power of the circuit court in the premises is expressed in *Coles v. Foley,* 13 Mo. App. 249. But the learned judge who wrote that opinion evidently overlooked the fact that section 5158 of the present revision, relied upon by him to support his construction, refers only to the class of judgments by default which the first clause of the above quoted section authorizes against a defendant who fails to prosecute a *certiorari* sued out by him for the removal of the cause to the circuit court. In case of a default by a defendant suing out a *certiorari,* the circuit court is empowered, under the first clause of the section, *supra,* to render judgment against him by default, whereafter a jury or the court shall assess the monthly value of the premises, and it is to such a proceeding, only, that section 5158 applies. Hence, the contrary view expressed in the opinion cited is not approved.

In the present case it is clear that the trial judge transcended his authority in undertaking to render any other judgment than one of the two permitted by the statute, *supra,* when a defendant fails to appear at the trial of an appeal taken by him to the circuit court.

Conceding for the argument, however, that the judgment rendered in the present action was tantamount in law to the statutory judgment of affirmance which should have been rendered upon the failure of defendant to appear when his appeal was called for

trial, and granting further, for argument, that defendant was not prejudiced by the mere departure of the court from the statutory provision providing for a judgment of affirmance, the question still remains whether the order of the trial judge setting aside and vacating the judgment actually rendered by him is reviewable under the statute permitting appeals from orders granting new trials. It is not, unless under that statute an appeal would lie from an order vacating a judgment of affirmance rendered in the circuit court upon the failure of defendant to appear on a trial of an appeal taken by him to that court in a forcible entry and detainer suit.

It depends upon the nature of such a judgment of affirmance whether an appeal would lie under the act in question from an order vacating it. The power to affirm a judgment merely does not involve anything beyond the formality of an entry to that effect, made upon the nonappearance of the defendant. No trial is had, no issues of law or fact are determined, nothing is adjudged except the failure of the defendant to appear on the trial of his appeal to the circuit court, wherefore the adverse party is entitled to an affirmance of the judgment rendered by the justice.

In the case of *Crossland v. Admire*, 118 Mo. 87, final judgment was rendered against defendant in an action of ejectment for failure to plead. Plaintiff gave evidence of his title, defendant's possession, and the value of rents, profits and damages, before the entry of final judgment. Defendant moved the court to set aside the judgment by default. The court made an order that the judgment be set aside "and a new trial granted herein," from which order plaintiff appealed under the act allowing appeals from awards of new trials. It was said by the supreme court that the case did not come within the terms or intent of the

statute permitting such appeals; "that there had been no trial within the meaning of that term, and a trial must precede a new trial;" that a trial is had for the determination of the issues, which can only be made by the pleadings; that an inquiry of damages after interlocutory judgment fixing the rights of the parties was not a trial within the meaning of the statute, since it involved no issue between the parties; that the injection, in the order of the court setting aside the judgment, of the statement that a new trial was granted was unauthorized. There is no distinction in principle between the case before the supreme court and the attitude of the case at bar. In the present case the motion was to set aside the judgment on account of a misunderstanding between counsel. It is true that the motion also asked for a new trial, but it did not lose its character as a motion to set aside and vacate a judgment because the mover also asked for a new trial. Such further request was mere surplusage. The record shows that the judgment in the present case was vacated and annulled. Treating it in legal effect as having been a judgment of affirmance, it was not, as has been seen, rendered upon a trial or examination of issues between the parties. Under the ruling of the supreme court such a trial of the issues is indispensable to the award of a new trial, and the vacation of a judgment not rendered upon such a trial is not within the letter and spirit of the statute. It is our duty to apply that ruling to the present case. In so doing we are constrained to hold that the present appeal was prematurely brought and must be dismissed. It is so ordered. All concur.