Manson v. Coleman.

---

F. W. MANSON, Plaintiff in Error, v. C. C. COLEMAN et al., Defendant in Error.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Change of Venue: RIGHT TO: STATUTE.** The right to a change of venue is strictly statutory.

2. **Forcible Entry and Detainer: STATUTE: PROCEDURE.** The statute relating to forcible entry and detainer is special and preclusive and constitutes a separate and independent scheme covering the procedure from the issuing of process to the writ of restitution.

3. ———: **APPEAL: CHANGE OF VENUE.** After a proceeding in forcible entry and detainer reaches the circuit court it is as if it originated there, and change of venue may be awarded as in other civil actions and the summary character of the proceeding does not militate against such change.

4. ———: ———: ———: **STATUTORY CONSTRUCTION.** In the construction of a statute all statutes in *pari materia* must be read together to determine the intention.

5. ——: ——: ——: SURETIES. The undertaking of a surety is *strictissimi juris* yet his bond must be enforced under the law as it exists at the time; and the surety on an appeal bond in a forcible entry and detainer case is not released by changing the venue from the county to which the case was appealed.

Error to the Chariton Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED AND REMANDED (*with directions*).

*Louis Benecke, F. C. Sasse* and *Kinley & Kinley* for plaintiff in error.

(1) The court erred in sustainng the demurrer to plaintiff's petition herein. R. S. 1889, sec. 2039. (2) The change of venue granted by the Chariton Circuit Court in the original forcible entry and detainer suit on the application of the plaintiff, sending said cause to the Howard Circuit Court, was regular and said Howard Circuit Court acquired jurisdiction of said cause. R. S. 1889, secs. 2258 and 5159; Sexton v. Hull, 45 Mo. App. 339; Walker v. Ellis, 146 Mo. 327.

*Crawley & Son* for defendant in error.

(1) The right to a change of venue in any case is purely statutory. Unless expressly given by statute no such right exists. State ex rel. v. Wofford, 119 Mo. 408; State v. Sanders, 106 Mo. 194. (2) The statute relating to forcible entry and detainer is complete in itself. It is not merely independent of other statutes, but is preclusive of them. For this reason neither the statute prescribing the practice in other cases appealed from justices of the peace, nor that provision of the code of civil procedure which authorizes a

change of venue "in any civil suit in any court of record," can be judicially engrafted upon the forcible entry and detainer act. Carter v. Tindall, 28 Mo. App. 316; Hastings v. Hennessey, 52 Mo. App. 172; Johnson v. Fischer, 56 Mo. App. 552; Schwoerer v. Christophel, 64 Mo. App. 81; Westerhold v. Boese, 64 Mo. App. 280. (3) The forcible entry and detainer statute contains no provision, express or implied, for changing the venue after a case is appealed to the circuit court. The only change of venue authorized or contemplated by the act, is from one justice of the peace to another, under a comparatively new section. R. S. 1899, sec. 3396; R. S. 1889, sec. 5164. (4) The Chariton Circuit Court having no statutory authority to grant a change of venue, the circuit court of Howard county acquired no jurisdiction under the order awarding such change; and the action being one of which circuit courts have no original jurisdiction, the alleged proceedings and judgment of said Howard Circuit Court were absolutely void, notwithstanding both parties to the suit may have appeared and taken part in the trial. Robinson v. Walker, 45 Mo. 117; Dobson v. Scroggs, 47 Mo. 285; Cones v. Ward, 47 Mo. 289; Abernathy v. Moore, 83 Mo. 65; Parker v. Zeisler, 139 Mo. 298; Woerther v. Miller, 13 Mo. App. 567; McQuoid v. Lamb, 19 Mo. App. 153; Collier v. Wilson, 56 Mo. App. 420. (5) By the terms of the appeal bond, and of the statute prescribing its form and conditions, the undertaking of the sureties is expressly limited to the payment of such damages and costs as might be adjudged by the court to which the cause was directly appealed. The words "abide the judgment of the circuit court," as used in said statute and bond, refer to the Chariton Circuit Court, and to no other. R. S. 1899, secs. 3368, 3373, 3376; Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110; Schuster v. Weiss, 114 Mo. 158;

Cranor v. Reardon, 39 Mo. App. 306; Distilling Co., v. Kermis, 79 Mo. App. 111.

SMITH, P. J.—Action on an appeal bond. The case is this: Manson, plaintiff, sued Coleman, one of the defendants, before a justice of the peace of Chariton county in an action of forcible entry and detainer and recovered judgment; and from which judgment Coleman appealed to the circuit court, the other defendants becoming sureties on his appeal bond. After the removal of the cause by the appeal to the circuit court the plaintiff applied for a change of venue, which was granted to the circuit court of Howard county where there was a trial resulting in judgment for the plaintiff. Subsequently, a writ of restitution was awarded and Coleman was dispossessed. Manson then brought the present action on the appeal bond in the circuit court of Chariton county against Coleman and his sureties to recover the damages and costs which were adjudged against Coleman in the Howard Circuit Court.

Defendants demurred to the petition on the ground that the circuit court of Chariton county was without jurisdiction to award a change of the venue of the action to Howard county and therefore the latter court acquired no jurisdiction of the subject-matter thereof, and its proceedings therein were *coram non judice* and void. The demurrer was by the court sustained and the plaintiff declining to further plead, judgment was given accordingly. The cause comes here on writ of error.

From this statement of the case it is seen that the only question presented for our decision is whether or not the Chariton Circuit Court had jurisdiction to order the change of venue to the Howard Circuit Court. It goes without saying that if the former had no such jurisdiction, then the

latter acquired none.   The decision of this question depends upon the construction that shall be given a section of the practice act which provides that a change of venue may be awarded in any civil suit to any court of record for any one of certain specified causes.   R. S. 1889, sec. 2258.   It must be conceded that the right to a change of venue is strictly statutory and does not exist except where given by the statute.

It was declared by the St. Louis Court of Appeals that the statute "regulating proceedings before justices of the peace and transfers thereof to the circuit court by *certiorari* or appeal in actions of forcible entry and detainer are special and preclusive.   Neither the justice nor the circuit court in the exercise of its derived jurisdiction can exceed the authority granted by the forcible entry act, which act constitutes a separate and independent scheme and prescribes the minutest details of the proceedings thereunder covering every step from the issuance of process up to and including the rendition of judgment and the writ of restitution." Schwoerer v. Christophel, 64 Mo. App. 81.   And there are other cases in this state to the same effect, as may be seen by reference to the defendant's brief.

But it is suggested that secton 3391, Revised Statutes 1899, which provides that "when a cause shall be removed into the circuit court by *certiorari* or appeal, such court shall proceed to hear, try and determine the same anew as if it had originated in such court without regarding any error, defect or informality in the proceedings of the justice," puts such a cause, when removed to the circuit court in either one of the ways it refers to, on the same footing as other civil cases.   After such suit reaches the circuit court it occupies exactly the same position there that it would have occupied had it been originally brought in that court and must come,

as we think, within the designation of "any civil suit in a court of record." And this is a part of the statutory scheme relating to actions of forcible entry and detainer. This statute declares that such suits must be brought before a justice of the peace but that they can be transferred by appeal or *certiorari* to the circuit court where they shall be proceeded with as if they had been brought in that court. No reason is seen why, if the statutory right to a change of venue exists in any civil suit pending in any court of record, such right should not exist in a case of this kind. It is a civil suit, pending in a court of record, which by direction of the forcible entry and detainer statute is made to stand on the same footing as any other civil suit.

It is insisted that a change of venue in such cases is not within the contemplation of the statute because the manifest purpose of the forcible entry and detainer act was to provide for a speedy trial and determination of suits brought under it and that to allow the venue to be changed after removal to the circuit court by appeal or *certiorari* would have the effect to delay the trial and disposition of such suits and thereby frustrate and defeat the intention of the lawmaker. There might be force in this contention were it not for the fact that the plaintiff in such cases is provided with ample indemnity against all damages resulting to him in consequence of the delay, etc. R. S. 1899, sec. 3363.

Again, suppose when a suit of this kind is removed into the circuit court it is found that the judge thereof is disqualified for any reason to try the same or that the inhabitants of the county are so prejudiced against either party that a fair and impartial trial by jury can not be had therein —what then? Will the right to a change of the venue, which is given in any civil suit, be denied and the suit dismissed? Where, in the construction of a statute, reference

is necessary to other statutes touching the subject-matter, they should, if they have a bearing on each other, be read together in order to determine the intention or meaning of the lawmaking power. When all the statutes to which we have referred are read together we are forced to conclude that under any fair and reasonable construction of them a change of venue is as permissible in a forcible entry and detainer suit as in any other civil suit.

It is true, as insisted by defendant, that the undertaking of sureties is *strictissimi juris,* yet as they entered into the bond under the law as it then was they are bound by such subsequent proceedings in the suit as it authorized. If the change of venue was authorized in the suit after it reached the circuit court they were as much bound by the judgment of the Howard Circuit Court as they would have been had the judgment been given in the Chariton Circuit Court. We can not see that in awarding the change of the venue and the subsequent proceedings in the suit there was any infringement of the strict rights of the sureties.

We are of the opinion that the demurrer to the petition should have been overruled, and therefore we shall order the judgment to be reversed and cause remanded with directions to allow the defendants to further plead if they shall desire to do so. All concur.