HARMON D. HOLLYMAN, Respondent, *vs.* HANN. & ST. JOE. R. R. Co., Appellant.

1. *Practice, civil—Trials—Railroads—Injury to stock—Double damages.*—In an action under section 43 of the railroad incorporation law (Wagn. Stat., 310-11) against a railroad, for injury to stock, accruing from the failure of the railroad to erect and maintain suitable fences and cattle-guards, when the jury finds the actual damages, it is not error for the court to double them.

### *Appeal from Marion Circuit Court.*

*James Carr*, for Appellant.

*E. McCabe*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The only error, that the defendant complains of, is the action of the court in giving double damages. The case was originally brought before a justice of the peace for the killing of two steers by the defendant's cars, and in the justice's court plaintiff recovered judgment. Upon an appeal the verdict was again for the plaintiff, and the jury found that the actual damage sustained by him was eighty-eight dollars, and on motion this amount was doubled by the court. The complaint stated that the action was brought in accordance with section 43 of the railroad incorporation law, and that the killing took place at a point, where the railroad passed through an inclosed field, and that the defendant had failed to construct and maintain suitable cattle-guards at a public crossing, near where the steers were killed, so as to prevent cattle from getting on the tract of the road; and that by reason of such insufficient guards, the steers got on the track and were killed.

For the plaintiff, the court instructed the jury, that, if they believed from the evidence, that the cattle got upon the defendant's track, and were killed by a locomotive or cars, at a point where the track passed along, through, or adjoining, inclosed or cultivated fields, by reason of the failure and neglect of the defendant to maintain suitable and sufficient cattle-guards, so as to prevent them from getting on the track,

then the jury should find for the plaintiff the actual damages which he had sustained. The law requires that railroad companies shall construct and maintain cattle-guards at all railroad crossings, where it is made necessary to erect fences suitable and sufficient to prevent animals from getting on the track, and it is provided, that, until such guards are made and maintained, the corporations shall be liable in double the amount for all damages, which shall be done to any cattle or animals on the road, occasioned by the failure to construct such guards.

Although the statement or claim is badly drawn up and is somewhat defective, yet in substance it is sufficient. It states that the accident happened where the road ran through an inclosed field, and that the cattle strayed on the track in consequence of the failure and neglect of the company to erect and maintain cattle-guards at a public crossing. Under the instruction of the court, the jury must have found this to be true, and that the neglect of the company to perform the statutory requirement, of maintaining suitable and sufficient cattle-guards, was the proximate cause of the killing. As the corporation was in default, the statute declares, that it shall be liable in double the amount of damages done by its agents, engines and cars, to all animals, by reason of its neglect. The jury found the actual damages, and the court did not err in doubling them.

Judgment affirmed; all the judges concur.