Feedler v. Schroeder.

JOSEPH FEEDLER, Defendant in Error, *vs.* WILLIAM SCHROEDER, Plaintiff in Error.

1. *Practice, civil—Process—Service—Appearance waives, when.*—A motion for change of venue is such an appearance as waives objections to the service of process, and admits the jurisdiction of the court.

2. *Forcible entry and detainer—Appeal—Affirmance of judgment.*—In forcible entry and detainer cases, where defendant fails to prosecute his appeal in the Circuit Court, the judgment of the justice may be affirmed. (Wagn. Stat., 653, §§ 29, 30.)

3. *Forcible entry and detainer—Claim for damages, etc., may be doubled by judgment.*—In suit of forcible entry and detainer where plaintiff claims a specific sum for damages, neither the court nor the jury can find a sum in excess thereof, but under the statute (Wagn. Stat., 645-6, § 22) it becomes the duty of the court to double the sum found by the jury for damages and monthly rents and profits. The claim for damages is merely what it was at common law, a limitation on the amount of the verdict and does not control the judgment.

*Matthew O'Reilly*, for Plaintiff in Error.

I. Defendant's appearance for the purpose of taking a change of venue, did not cure defects in the service. Such an appearance was not a submission to the jurisdiction, nor was it a pleading to the merits, and the justice to whom the case was sent stood in the same position as the justice from whom the case came. (Wagn. Stat., 826, § 39.)

II. The judgment of the justice who tried the case, is erroneous in this, that it gives judgment for $70.00 damages, when the plaintiff asks only $35.00, and it does not show the actual value of the damages as found. (Wagn. Stat., 646, § 22.)

III. The Circuit Court erred in affirming the judgment of the justice. The case should have been tried *de novo*. (Wagn. Stat., 653, § 33.) It is only where there is a failure to perfect the appeal, that the judgment of the justice should be affirmed. (Wagn. Stat., 653, § 30; Lee vs. Roberts, 8 Mo., 506.)

IV. The judgment of the Circuit Court is excessive. The plaintiff asked $35 for his damages, and $35 for his monthly rents and profits, and the judgment is for $70 for his damages, and $70 for his monthly rents and profits, although there is no actual finding anywhere as to what was their actual value. (Moore vs. Dixon, 50 Mo., 424.)

*H. L. Gottschalk,* for Defendant in Error.

I. The defendant having appeared before the justice of the peace and filed his affidavit for a change of venue, waived all errors in the process and service.

II. The Circuit Court had the right to affirm the judgment of the justice of the peace, as defendant failed to prosecute his appeal and refused to make his defense, if any he had. (Wagn. Stat., 653, § 30.)

III. The judgment for double the amount was proper. (Wagn. Stat., 645, § 22.) The case of Moore vs. Dixon (50 Mo. 424), is not parallel. In the case at bar plaintiff got judgment for the amount claimed, and that sum was doubled as a penalty, under the above section.

Hough, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer. Plaintiff claimed damages to the amount of $35, and alleged the monthly rents and profits to be $35. Service of process was made by a special constable appointed by the justice, by reading the writ, only, to the defendant. On the return day of the writ, the defendant made application for a change of venue, which was granted, and on the day set for trial of the cause, by the justice to whom the same had been transferred, a judgment by default was rendered against the defendant, for the recovery of the possession of the premises and for $70 damages, and for rents and profits, at the rate of $70 per month until restitution should be made. A motion to set this judgment aside was made and overruled by the justice, and defendant appealed to the Circuit Court, and there filed a motion to quash the return of the special constable, for the reason that it did not appear that he had been served with process, as required by statute, and limited his appearance to the purposes of that motion only. This motion was overruled, and when the case was called for trial, the defendant having failed to appear and prosecute his appeal, the judgment of the justice was affirmed. This judgment was affirmed at General Term and defendant brings the case here by writ of error.

It is argued here that the judgment for $70 damages, and $70 for monthly rents and profits, was erroneous, the amount claimed in the complaint, for each, being only $35, and that the court erred in refusing to quash the return and in affirming the judgment of the justice, instead of trying the case *de novo.*

There was no error in refusing to quash the return. Though the defendant may not have been in court by the service of process, his application for a change of venue was an appearance in the cause. His motion came too late.

The defendant having failed to prosecute his appeal in the Circuit Court, it was proper for that court to affirm the judgment of the justice. (Wagn. Stat., 653, §§ 29, 30.)

The remaining point has been carefully considered by us all, and we have concluded, in view of previous decisions of this court and the special provisions of the statute in regard to the judgments required to be rendered in cases of this kind, to uphold the judgment. Ordinarily, of course, the *ad damnum* clause must control the amount of the recovery, for the reason that the judgment follows the verdict. This case is clearly distinguishable from the case of Moore vs. Dixon (50 Mo., 424). In that case the plaintiff claimed damages in the sum of twenty dollars, and the verdict of the jury was for two hundred and fifty dollars, which was doubled by the court. This was manifestly wrong. In the case of Hollyman vs. Hann. & St. Joe. R. R. Co., (58 Mo., 480) the plaintiff claimed damages in the sum of $88, and asked the court to double the same under the statute, which was done, and the judgment was sustained by this court. In that case, it was the province of the jury to find the amount of plaintiff's damages, not exceeding the sum laid in the declaration, and it then became the duty of the court, under § 43 of the railroad corporation law to double the amount so found. In the case at bar, plaintiff claimed he was damaged in the sum of thirty-five dollars. Neither the court nor jury could find a sum exceeding that claimed in the complaint, but it became the duty of the court, under the statute, to double the amount of the damages and the monthly rents and profits as found.

This is a much stronger case than the one last cited, as in actions of this kind, the statute directs even the form of the judgment to be rendered on a verdict for complainant.

If plaintiff's complaint had concluded by asking the court to double the damages claimed, I presume the correctness of the judgment would not be questioned. Why ask the court to do what the statute imposes upon it as a duty? Although the complaint limits the claim to the real damage sustained, it is sufficient. When that sum is ascertained by the verdict of a jury, the statute says it shall be doubled. The *ad damnum* clause thus becomes, or rather remains, in this class of cases, what it is at common law, a limitation upon the amount of the verdict, and the statute prescribes what judgment shall be rendered.

The judgment is affirmed; all the judges concur.