ANNA BUZZARD, Appellant, v. PAUL HAPEMAN, Respond-
ent.

### St. Louis Court of Appeals, March 26, 1895.

Justices' Courts: FILING OF STATEMENT OF CAUSE OF ACTION. The
omission of the plaintiff in an action before a justice of the peace to
file the account sued on, or the statement of his cause of action, at
the outset will not be ground for the dismissal of the suit, if such
account or statement is filed with the justice before the commence-
ment of the trial before him.

*Appeal from the Newton Circuit Court.*—HON. J. C.
LAMSON, Judge.

REVERSED AND REMANDED.

*Joseph Cravens, O. L. Cravens* and *A. J. Harbison*
for appellant.

*John T. Sturgis* for respondent.

BOND, J.—The facts in this case are that an
attachment suit for $35 was begun before a justice of

the peace of Newton county, Missouri. No statement of account or cause of action was filed by plaintiff at the time of taking out the writ of attachment. The grounds alleged were nonresidence. The writ was executed by summoning a garnishee. Defendant appeared and took a change of venue, after which the first justice received a statement of plaintiff's account, which was filed with the justice to whom the cause was sent. The defendant filed a motion to dismiss after the transfer of the cause, which was overruled. Plaintiff then filed an amended affidavit for attachment, including therein an itemized account or statement of her cause of action. There was a trial and judgment rendered by the justice for plaintiff, from which an appeal was taken by defendant to the circuit court, where he renewed his motion to dismiss on the grounds, *first*, that no statement of plaintiff's cause of action was filed when the writ of attachment was sued out, and, *second*, that the return of the sheriff of his service of the writ of attachment was insufficient to give jurisdiction of the *res*. This motion was sustained. From a judgment thereon the plaintiff appeals.

An objection is made by respondent in this court to the abstract of appellant, on the ground that it nowhere states that the bill of exceptions taken on the trial of this cause was properly filed. This point is without any merit, as the additional abstract filed by respondent expressly shows that the bill of exceptions was refiled after certain corrections, "within the time limited by the court for the filing of the bill of exceptions in the appeal herein." This cured the omission of such a statement in appellant's abstract.

Appellant complains of the action of the court in dismissing the suit upon the motion of respondent. This error is well assigned. The record shows that the parties appeared generally in the justice's court, whereto

the cause was sent on change of venue, and that a statement of plaintiff's cause of action was filed there before the trial, and that they appeared in the circuit court. This gave the court full jurisdiction of the persons, and it clearly possessed jurisdiction thereafter to try the cause of action on the account between the parties. . R. S., section 6139.

Conceding that the return on the writ of attachment was fatally defective in not showing a levy of the writ on the property and credits in the hands of the garnishee (*Gates v. Tusten*, 89 Mo. 21; *Norvell v. Porter*, 62 Mo. 311; *Connor v. Pope*, 18 Mo. App. 89), this could not affect the rights of the parties to a trial on the merits. For the error of the circuit court in dismissing the cause, the judgment will be reversed and the cause remanded, when, if the facts justify, the return on the writ of attachment may be amended. All concur.