HENRY CARTER, Appellant, v. WAMACK & STAGGS, Respondents.

Kansas City Court of Appeals, January 6, 1896.

1. **Justice's Court:** JURISDICTION: APPLICATION FOR CHANGE OF VENUE. Though a justice of the peace may have no jurisdiction, yet, if the defendant file an application for change of venue, it is an appearance.

2. ———: ———: GENERAL APPEARANCE. Where, after a change of venue, the defendant appears and files his motion to dismiss, pending which the account sued on is amended to conform with the requirements of the statute, and then participates in the trial, he can not be heard to dispute the jurisdiction of the justice.

3. ———: ———: APPEAL. An appeal by the defendant from the judgment of the justice is a general appearance to the merits and gives the circuit court jurisdiction which should proceed to try the case *de novo*.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED (*with directions*).

*Cunningham & Dolan* for appellant.

(1)   The omission to file the account before Justice  Brock could, under  the above  quoted statute,  be supplied.   This is in  the  nature of  an  amendment. That which can be amended is  not void.   R. S. 1889, secs. 6138, 6139;  *Hardin v.  Lee*, 51 Mo. 245;  *Hart v. Louchs*, 38 Cal. 372;  *Parmalee v. Hitchcock*, 12 Wend. 96;  *Cooper v. Reynolds*, 10 Wall. 300;  *Buzzard v. Hapeman*, 61 Mo. App. 464.  This is  "on all fours."   (2) When the case  reached  Justice Strother by change of  venue he  was  authorized  and required  to  "proceed  with  the same in  a  like  manner  as if  it  had been originally commenced before him," etc.   Statute, sec. 6242.   That Justice Brock could allow  the account to be filed is clear under  section  6139, statute,  and it is equally clear that Justice  Strother could,  under section 6242, statute.   The itemized  account filed before Justice Strother was a sufficient statement.   *Sturdy v. Charles L. & C. Co.*, 33 Mo. App. 47.   No objection was made to its form or  sufficiency.   (3) The justice, Strother, had unquestioned jurisdiction of the subject-matter, a suit for $3.50  for common  labor done in the last preceding six months.  This is regulated by statute, sections 6122, 4910 and  section 6242.   The defendants appeared before him and filed two motions, went to trial, contested the case, introduced evidence, and thus fully gave  jurisdiction  over  their persons.   Parties may voluntarily enter their  appearance in a justice's  court. Secs. 6202, 6203, 6226, 6196.   Same practice  prevails in the justice's court as in the circuit court.   Sec. 6272. And in the circuit court parties may waive process and appear.   Sec. 2013.   (4) Then  defendants  appealed to the circuit court, after verdict and judgment against them  before Justice Strother.   This was  a  waiver of summons, operated as  a personal  appearance and at

least entitled the plaintiff to a trial there *de novo*, or affirmance of the judgment of the justice. *Rice v. Railroad*, 30 Mo. App. 110; *Berkley v. Koles*, 13 Mo. App. 502; *Kelly v. Railroad*, 86 Mo. 681; Statute, sec. 6339. (3) If the case when before Justice Strother and the proceedings there had are to be regarded as a new suit, his jurisdiction can not be questioned.

*Howard Gray* for respondent.

(1) "The lodging of the paper which is the foundation of action before a justice, is a requisite to jurisdiction, and it must by some means be made to appear by the record." *Ins. Co. v. Foster*, 56 Mo. App. 197; *Peddicord v. Railroad*, 85 Mo. 160. (2) The appearance of the parties and going to trial without objection will not confer jurisdiction over the subject-matter. *Leith v. Shingleton*, 42 Mo. App. 449; *Bray v. Marshall*, 66 Mo. 122; *McQuoid v. Lamb*, 19 Mo. App. 153; *Ins. Co. v. Foster*, 56 Mo. App. 197. (3) Sections 6138 and 6139, Revised Statutes, must be read together.

SMITH, P. J.—This is an action brought before a justice of the peace, to recover $3.50 for work and labor. There was no bill of items of the account filed with the justice before whom the suit was brought. On the return day of the summons, the defendants appeared and applied for and obtained a change of the venue of the cause to another justice. On the day the cause was set for trial before the latter justice, the defendants generally appeared and filed a motion to dismiss the action, because the plaintiff had not filed a bill of items of his account. Pending the motion, the plaintiff filed a proper account. The parties thereupon proceeded to the trial of the cause, which resulted in judgment for the plaintiff and from that judgment the defendant appealed to the circuit court. When the cause reached

the latter court, the defendants did not specially appear, but appeared generally, and renewed their motion to dismiss, which was by the court sustained, and judgment was given accordingly, and from which plaintiff has appealed.

It is clear from the foregoing statement of the facts, about which there is no dispute, that the action of the circuit court in dismissing the suit was such an error as requires at our hands a reversal of the judgment.

It may be conceded that, on account of the failure of the plaintiff to file an account with the justice before whom the suit was brought, there was a total lack of jurisdiction; but the filing of the application for the change of venue was an appearance in the cause. *Speer v. Burlingame*, 61 Mo. App. *loc. cit.* 83; *Feedler v. Schroeder*, 59 Mo. 364. And the voluntary appearance of the defendants in the cause before the justice to whom it was sent, conferred jurisdiction over their persons. But if this be not so, it is indisputably true that, by the general appearance of defendants, the filing of their motion to dismiss, and the participation in the trial had before the latter justice, jurisdiction was acquired over their persons. *Buzzard v. Hapeman*, 61 Mo. App. 464. If there was no jurisdiction up to the point where the plaintiff filed the account, yet if, after that omission was supplied, the defendants proceeded to trial on the account, they ought not to be heard in any court to dispute the jurisdiction. The case is not different than if, after the plaintiff filed his account, the defendants had appeared and contested the same in a trial before the justice. R. S., 6202, 6203, 6226, 6272; *Pearson v. Gillen*, 55 Mo. App. 312. Unquestionably the justice had jurisdiction after that.

Not only this, but when the defendants appealed to the circuit court, the effect of this was a general ap-

pearance by them to the merits, in the circuit court. *Rice v. Railroad*, 30 Mo. App. 110; *Boulware v. Railroad*, 79 Mo. 494; *Gant v. Railroad*, 79 Mo. 502; *Fetterling v. Railroad*, 79 Mo. 504. The three last named cases, in effect, overrule the prior ruling of the supreme court in *Brandenburg v. Easely*, 78 Mo. 659. So that, in any view that we have been able to take of the case, the circuit court had jurisdiction of the persons of the defendants and should have proceeded to the trial of the cause *de novo* instead of dismissing it as was done.

The judgment will be reversed and cause remanded, with directions to reinstate the cause on the docket for further proceedings therein according to law. All concur.