SALLIE K. HORTON *et al.*, Respondents, v. CHARLES TOENEBOEHN, JR., Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Practice, Trial and Appellate:** SUIT FOR RENT: JUSTICE'S COURT: JURISDICTION: FRIVOLOUS COMPLAINT. Where a defendant in a suit before a justice for rent, appeared before the justice, moved for a change of venue, and tried the cause upon the merits before the justice who rendered the final judgment, without objecting to his jurisdiction, an objection to the jurisdiction, made in the appellate court, on the ground that the suit originated before one justice, was tried by another, and the record failed to show any valid transfer from the justice before whom it was brought to the justice before whom it was finally tried, is frivolous, the action being a transitory one.

2. **Practice, Trial**: FILING OF STATEMENT, SUFFICIENCY OF. A statement found in the transcript of successive justices, though not indorsed "filed," was filed in legal contemplation, where the defendant was unable to show that it was not before them when they tried the cause; and held a sufficient compliance with the law.

3. **Practice, Trial and Appellate**: OMISSION IN RECORD OF NAME OF ONE OF ORIGINAL PLAINTIFFS. Where one of the original plaintiffs' name was omitted in the record of the circuit court, on appeal from the justice's court, and no formal entry of dismissal was entered as to him, and no objection made on that account at the trial, it was too late to make such objection in the appellate court, even had there been any force in the objection.

4. **Practice, Trial**: NEWLY DISCOVERED EVIDENCE: NEW TRIAL. Evidence which a party could have discovered by the exercise of due diligence before the trial is in no sense newly discovered evidence.

5. **Practice, Trial and Appellate**: WEIGHT OF EVIDENCE: JUDGMENT. An assignment of error, that the judgment is against the weight of the evidence, presents nothing for review, on appeal; it is sufficient if the judgment is sustained by substantial evidence, and there is nothing in the record showing prejudice or bias on the part of the trier of the facts.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Alfred Gfeller* for appellant.

The justice of the peace of the fourth district of St. Louis is not the successor in office of the justice of the fifth district, and had no authority to issue an "alias summons" upon a cause of action instituted before a justice of the fifth district. Laws, Mo. 1891, p. 175; Black's Law Dict. 1134; 2 Bouv. Law Dict. 681.

The record fails to show that a statement of the cause of action was filed before either of the justices of the fourth or ninth districts, or in the circuit court, hence fails to show affirmatively that any of said courts

had jurisdiction. R. S. 1889, sec. 6138; *Devore v. Stoeckler*, 49 Mo. App. 547; *Kelm v. Hunckler*, *Id.* 664; *Olin v. Zeigler*, 46 *Id.* 193.

If such statement had been filed it would not be sufficiently specific to bar another action. *Rosenburg v. Boyd*, 14 Mo. App. 429; *Weese v. Brown*, 28 *Id.* 521; *Nutter v. Houston*, 32 *Id.* 451; *Hill v. Steel Co.*, 90 Mo. 302; *Dahlgreen v. Yocum*, 44 Mo. App. 277; *Leas v. Pac. Express Co.*, 45 *Id.* 598.

The court erred in overruling defendant's motion for new trial. R. S. 1889, sec. 5189; *Howland v. Reeves*, 25 Mo. App. 458; *St. Louis Brew. Co.*, 12 *Id.* 573; *Taylor v. Fox*, 16 *Id.* 527; *Lionberger v. Pohlman*, *Id.* 392.

*Collins & Jamison* for respondents.

Whatever error may have existed in the issuance of the pluries writ of summons has been waived by defendant appearing and submitting to a trial without objection. *Paddock v. Somer*, 102 Mo. 226; *Donahue v. Bragg*, 49 Mo. App. 273; *Brick v. People's R'y Co.*, 46 *Id.* 555; *Grimm v. Dundee Land & Inv. Co.*, 55 *Id.* 457.

It is not the province of the appellate court to review the testimony for the purpose of ascertaining whether the trier of the facts has decided the case according to the weight of the evidence. *McKay v. Underwood*, 47 Mo. 185; *McFarland v. U. S., etc., Ass'n*, 124 *Id.* 204.

There was no error in overruling defendant's motion for new trial upon the ground of newly discovered evidence. R. S. 1889, sec. 2043; *Bulkley v. Big Muddy Iron Co.*, 77 Mo. 105; *Fuggh v. Hoffe*, 42 *Id.* 537; Bliss, Code Plead., secs. 407, 408; *Spillane v. Mo. Pac. R'y Co.*, 111 Mo. 555; *State v. Hunt*, 46 Mo.

App. 616; *Gregory v. McCormick*, 120 Mo. 657; *Young Men's, etc., v. Dubach*, 82 *Id.* 475; *Hanley v. Life Ass'n*, 69 *Id.* 380; *Snyder v. Burnham*, 77 *Id.* 52; *Shaw v. Besch*, 58 *Id.* 107; *Sturdy v. St. Charles, etc.*, 33 Mo. App. 44; *State v. Nickens*, 122 Mo. 607; *Maxwell v. Railroad*, 85 *Id.* 95; *Jaccard v. Davis*, 43 *Id.* 535; *State v. Keith*, 53· Mo. App. 383; *Shotwell v. McElhinney*, 101 Mo. 677.

ROMBAUER, P. J.—This is a transitory action, for rent. The plaintiffs recovered judgment for the amount claimed before the justice of the peace, and before the circuit court on appeal, the cause in both courts being tried without a jury. The defendant again appeals and assigns for error that neither the justice nor the circuit court had jurisdiction to try the cause; that no statement of plaintiffs' cause of action was ever filed in the cause; that the statement purported to be filed is insufficient; that the judgment is only in favor of part of the plaintiffs, and omits to make disposition of one of the plaintiffs; and that the court erred in not sustaining defendant's motion for a new trial on the ground of newly discovered evidence, and that the judgment is against the weight of the evidence.

We proceed to examine these complaints in the order above stated.

The foundation of the first complaint is that the suit originated before one justice, and was tried by another and the record fails to disclose any valid transfer from the justice before whom the action was instituted to the justice before whom it was ultimately tried. Since the action is transitory, and the defendant appeared before the justice, moved for a change of venue, and tried the cause upon its merits before the justice who rendered

JUSTICE's court: jurisdiction: frivolous complaint.

the final judgment, without in any manner objecting to his jurisdiction, the complaint now made is frivolous. *Grimm v. Dundee Land and Investment Company*, 55 Mo. App. 457.

The cause of action is set out in the transcript of the first justice, and is as follows:

"Charles Toeneboehn, Jr., and Charles Toeneboehn, Sr., to Sallie K. Horton, Samuel M. Horton, Leona H. Dunnica, Martha R. Lieper, and E. Elston, *Dr.*,

To rent for lots of ground in Blocks Nos. 2578 North and 2578 South of the City of St. Louis, from January 1st, 1894, to December 31st, 1894, as per agreement..... ............$110.00

CREDIT.

January 4, 1894, by cash ...................................... 55.00

To balance due... ......................... ...$ 55.00

This statement is not marked filed by any of the successive justices, and defendant's second complaint is bottomed on that omission. A paper is filed when FILING of statement, sufficiency of. it is delivered to the proper officer for that purpose, regardless of the fact whether he indorses it as filed or not. *Grubbs v. Cones*, 57 Mo. 83; *Baker v. Henry*, 63 Mo. 517; *Bensley v. Haeberle*, 20 Mo. App. 648. As the paper is found in the transcript of the successive justices, it was filed within the contemplation of law, unless the defendant was able to show that it was not before them when they tried the cause. The statement is a sufficient compliance with the law.

In the record of the circuit court one of the original plaintiffs' name is omitted throughout. The OMISSION in record of name of one of plaintiffs. plaintiffs claim this was done because he had no real interest in the cause of action. No formal entry of dismissal was entered as to him, nor could this well be done as his name did not appear in the record. No objection was ever made on that account at any stage of the proceedings in the

trial court. Even if there were any force in the objection it is evident that it comes now too late.

Upon the trial the defendant was asked how old he was when he made the contract. He replied I am *now* twenty-four. The contract was made in December, 1893, and the cause was tried in the circuit court in May, 1896. It will be thus seen that the defendant, according to his own admission, was of age when he rented the land. The motion for new trial is accompanied by evidence tending to show that the defendant was a minor when he made the contract. Evidence is in no sense newly discovered which a party could have discovered by the use of due diligence before the trial. Assuming that one is not conclusively presumed to know his own age, it is certainly a fact which in ordinary cases he can discover by the use of very slight diligence. Besides, infancy is a personal defense which the infant after arriving at age may waive. Hence this point made by appellant involves the proposition that the court should have granted him a new trial on the ground of newly discovered evidence, which he could have discovered by the exercise of the slightest diligence for use at the last trial, and in order to establish a defense which as far as the record shows he did not intend to make. As far as the newly discovered evidence bears upon the question that the respective shares of the plaintiffs in the property let are different from their respective shares as testified to at the trial, it is a matter with which the defendant has no concern. The plaintiffs according to the evidence made a joint contract, through their agent, with the defendant. How the profits of that contract are to be divided between the plaintiffs concerns them alone.

The last assignment of error, that the judgment is against the weight of the evidence, presents nothing for review on appeal. It is sufficient that the judgment is

*Newly discovered evidence: new trial.*

WEIGHT of evi- supported by substantial evidence, and
dence: judg-
ment.          that there is nothing in the record indi-
cating bias or prejudice on part of the trier of the facts.

All the judges concurring, the judgment is affirmed.