In re Ada Jones.

In re ADA JONES, Habeas Corpus.

**St. Louis Court of Appeals, December 3, 1901.**

1. **City of St. Louis:** ORDINANCE OF: PROCEDURE.  The prosecution of a suit against defendant for the violation of a city ordinance of the city of St. Louis, is a civil proceeding.

2. ———: ———: JURISDICTION: POLICE COURT.  And the cause being a civil one, jurisdiction of the person can be obtained, as in any other civil suit, that is, by due service of process on defendant, or by defendant's voluntary appearance to the suit.

3. ———: ———: ———: CHANGE OF VENUE.  And in the case at bar, the defendant, by going before the police court of the Second district of the city of St. Louis and filing therein her application for a change of venue, voluntarily appeared in that court and submitted herself to its jurisdiction.

4. ———: ———: ———: MUNICIPAL CODE OF THE CITY OF ST. LOUIS.  Section 1236, Municipal Code of St. Louis, 1901, is authority for awarding a change of venue from the First to the Second district police court of the city of St. Louis.

5. **Practice and Procedure:** JUSTICES OF THE PEACE: CHANGE OF VENUE: WAIVER: POLICE COURT OF THE CITY OF ST. LOUIS: ERROR.  The police court of the First district, in the case at bar, had authority to award a change of the venue of the cause, and being possessed of this authority, its action in awarding the change to a party not entitled to it was not a void act, but erroneous only, and the appearance of the defendant to the action in the police court of the Second district, to which the venue had been erroneously awarded, was a waiver of that error and conferred on the latter court jurisdiction over the person of the defendant.

*Habeas Corpus.*

WRIT DENIED.

No briefs.

BLAND, P. J.—The petition for a writ of habeas corpus in this case alleges that the petitioner, Ada Jones, is unlawfully and wrongfully restrained of her liberty by the keeper of the St. Louis workhouse. The return to the writ of habeas corpus issued herein sets out substantially the following facts: That in October, 1899, Ada Jones was arrested on the charge of keeping a bawdy-house in the city of. St. Louis, in violation of clause 1, section 908, and section 117 of ordinance 17188 of said city, and taken before the First district police court of said city where on the eighteenth day of October, 1899, she entered into a recognizance for her appearance to answer the charge on October 24, 1899. On the last date the parties appeared and the city through its attorney, applied for and was awarded a change of the venue of the cause to the Second district police court and the cause was set down in the latter court for trial on October 28, 1899, on which date Ada Jones, the defendant, applied for a continuance and the cause was continued to November 9, 1899; on the latter date the defendant appeared and moved the court to dismiss the cause on the ground that the court had no jurisdiction to hear and determine the case. This motion was by the court overruled, whereupon defendant, Ada Jones, filed her application for a change of the venue of said cause, which application was, on the eleventh day of November, by the court sustained and the venue was awarded to the police court south of Arsenal street; in which court the case was set for trial on November 15, 1899, from which date the cause was continued by the court to November 22, 1899. On

In re Ada Jones.

the latter date defendant appeared and filed motion to dismiss for want of jurisdiction. The motion was overruled and the cause set down for hearing on December 1, 1899. On the last-named date plaintiff appeared by its attorney but defendant defaulted. The court heard the evidence and rendered judgment against the defendant for three hundred dollars and costs. On December 6, 1899, defendant appeared and moved the court to set aside the judgment by default and grant her a new trial. On the payment of the costs by defendant the motion was sustained, and judgment was set aside, the new trial was granted and the cause was set for trial on December 8, 1899. On the latter date plaintiff again appeared by its attorney. Defendant again made default. The court again heard the evidence and entered a judgment by default against defendant for three hundred dollars. An execution was issued on the judgment and returned *nulla bona* and that defendant could not be found in the city of St. Louis. On the eleventh day of November, 1901, an alias execution, with a capias clause, was issued on the judgment and delivered to the marshal of the city. By virtue of this alias execution the marshal took Ada Jones, the defendant, into custody (she failing to pay the judgment) and in compliance with the mandate of the writ, delivered her to the keeper of the workhouse in the city of St. Louis, who received and detained her in the workhouse.

In the return, the ordinances of the city of St. Louis pertaining to the offense and to the organization and jurisdiction of the police courts of the city of St. Louis and the practice therein, are pleaded by reference to their numbers and date of approval. By the tenth subdivision of section 26, article 3, of the charter of the city of St. Louis, the municipal assembly is granted power to impose, direct and enforce fines and forfeitures and penalties for the breach of any city ordinance. By section 1440, page 730, Municipal Code 1901,

it is made a misdemeanor for any person to keep a bawdy-house within the limits of the city.    Subdivision 10, supra, of the charter, provides that any offender who shall neglect or refuse to pay any fine, penalty or cost that may have been imposed upon him or her shall be committed to the workhouse. Section 2, article 4, of the city charter, among other things provides that the mayor shall appoint a superintendent of the workhouse,  .  .  .    two police justices to hold office for four years.    Section 25 of the same chapter confers jurisdiction on the police justices over all cases arising under the charter and of violations of ordinances, and section 26 of the same chapter requires these justices to exercise such powers and duties as may be required by ordinance.    By section 27, the municipal assembly is authorized to increase the number of police justices by a two-thirds vote and to divide the city into judicial districts.    By section 1185, page 682, in the Municipal Code 1901, two police districts are formed ; by section 1240, p. 694, Municipal Code 1901, it is provided that, "all cases of misdemeanors under the charter and ordinances arising within its jurisdiction lying south of the north line of Arsenal street shall be tried before a justice of the peace of the city of St. Louis, to be designated by the mayor and approved by the council, also all cases of misdemeanors arising anywhere else within the jurisdiction of the city of St. Louis and transferred by change of venue or on motion of the First and Second district police courts, to said justice of the peace as aforesaid, shall likewise be tried by said justice of the peace."    Section 26, article 4, of the charter provides that the justices of the peace within the city shall have concurrent jurisdiction with the police justices in all cases under ordinances or charter when the mayor shall direct prosecution before them.    Ordinance 1240, supra, conferred upon the mayor express authority to designate a justice of the peace in the city of St.

Louis to have concurrent jurisdiction with the police justices south of Arsenal street; and the justices when so designated under the charter and the ordinances became vested with jurisdiction to hear and determine all cases arising under the charter or ordinances of the city and had jurisdiction of the subject-matter of the suit of the city of St. Louis against Ada Jones, the petitioner herein, and, if he obtained jurisdiction of the person of Ada Jones through the changes of venue awarded in the case, judgment against her is valid. The prosecution of the suit against her was a civil proceeding. City of Kansas v. Clark, 68 Mo. 588; the City of St. Louis v. Knox, 74 Mo. 79; Ex Parte Hollwedell, 74 Mo. 395; St. Louis v. Weitzel, 130 Mo. 600; State v. Kuhlman, 152 Mo. 100; State v. Muir, decided at the October term, 1901 of the Supreme Court; s. c. 86 Mo. App. 642; In re Miller, 44 Mo. App. 125.

The cause being a civil one, jurisdiction of the person could be obtained, as in any other civil suit, that is, by due service of process on her, or by her voluntary appearance to the suit. By going before the police court of the Second district, and filing therein her application for a change of the venue, Ada Jones, the defendant, voluntarily appeared in that court and submitted herself to its jurisdiction. Carter v. Wammack & Staggs, 64 Mo. App. 338; Feedler v. Schroeder, 59 Mo. 364; Montgomery v. Ins. Co., 80 Mo. App. 500.

Section 1236, Municipal Code of 1901, provides that, "The police justices and the marshal in all matters pertaining to the duties of their respective offices concerning which there is no specific provision by ordinance, shall be governed by the laws of the State of Missouri regulating the proceedings in justices' courts and the duties of justices of the peace and constables as far as the same may be applicable."

Section 1245 of the Municipal Code, provides, among other things, that "Changes of venue shall be had and allowed

to and from justices of the peace (designated to try police cases) to or from the First or Second district police courts of the city, as the case may be, in like manner and form as is now provided by law for changes of venue between said First and Second district police courts." No ordinance has been pointed out to us expressly and in terms authorizing a change of venue between the First and Second district police courts. The authority to award such change may be found, however, in section 1236, supra. The purpose of this section, as is made manifest by section 1245, supra, was to adopt the laws of the State pertaining to practice and procedure in justice of the peace courts and to apply them to the practice and procedure in the city police courts, when not inconsistent with the ordinances. Express authority is given by statute to justices of the peace to award changes of venue to either party in civil suits and to the defendant in a criminal suit. In some of the cases that hold a suit by a city to recover a fine or penalty for violation of a city ordinance is a civil suit, the remark is thrown out, that while the suit is civil the procedure is quasi criminal. The quasi-criminal feature of the procedure in this class of cases only pertains to the mode of enforcing the judgment; but conceding, only for the sake of argument, that they are quasi-criminal from their inception, the fact remains that the police court of the First district had authority to award a change of the venue of the cause, and being possessed of this authority, its action in awarding the change to a party not entitled to it was not a void act, but erroneous only, and the appearance of the defendant to the action in the police court of the Second district, to which the venue had been erroneously awarded, was a waiver of that error and conferred on the latter court jurisdiction over the person of the defendant. Feedler v. Schroeder, supra; Baisley v. Baisley, 113 Mo. l. c. 551; Ivy v. Yancey, 129 Mo. 506; Carter v. Wammack & Staggs, supra; Horton v. Toeneboehn, 68 Mo.

App. 42; State v. Pancost, 35 L. R. A. 518. We do not hold and do not wish to be understood that the city, as plaintiff, is not entitled to a change of venue in this class of cases.

The change of venue made on the application of defendant from the Second district police court to the justice of the peace having jurisdiction to try police cases south of Arsenal street, was expressly authorized by section 1245, supra, of the Municipal Code. Our conclusion is, that the justice had jurisdiction both of the subject-matter and of the person of the defendant to render the judgment that was rendered against the petitioner. This being the only question raised by the petition and return to the writ, we dispose of it adversely to the petitioner and remand her to the custody of the keeper of the workhouse. All concur.