E. C. WHITE, Appellant, v. THE MISSOURI PACIFIC RAILROAD COMPANY, Respondent.

Kansas City Court of Appeals, March 2, 1903.

1. Justices' Courts: STATEMENT: STATUTE.   Under the statute a justice can not dismiss a cause for the want of a statement or for any defect or insufficiency thereof, if a sufficient statement is filed before the trial.

2. Appellate Practice: ABSTRACT: SUPPLEMENT.   Where the original abstract is insufficient, the appellant may file a supplemental one supplying the defects.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

REVERSED AND REMANDED.

*E. C. White* for appellant.

The statement upon which both parties appeared and tried the·cause before the justice, being sufficient, the circuit court should not have dismissed plaintiff's suit; but should have given plaintiff a trial on the merits. Carter v. Womack & Staggs, 64 Mo. App. 388; Buzzard v. Hapeman, 61 Mo. App. 464.

*Wm. S. Shirk* for respondent.

ELLISON, J.—This is an action on an account begun before a justice of the peace. Judgment was there rendered for plaintiff, but on appeal to the circuit court, the case was dismissed on defendant's motion and plaintiff thereupon appealed.

It appears that plaintiff filed what he termed a statement of his account before the justice of the peace and sued out a summons for defendant. This statement is said by defendant to have been so defective and incomplete as not to require defendant to answer thereto. On the return day of the summons (June 28th) both parties appeared and the cause was continued to August 5th, when both parties again appeared and plaintiff filed an amended statement in words and figures follow-ing:

"Sedalia, Mo., May 15, 1901.
"Missouri Pacific R. R. Co.:
"To Allen Scott, Dr.: For labor during the month of April, on section at Jefferson City, Missouri, under L. Lipple, foreman,

Six days at $1.25 per day..............$7.50 .
Less Hospital fees ................... .25

Balance due ....................$7.25

"For and in consideration of fifty cents cash paid to me and receipt on account due to Mrs. Chas. Conrad, against me, of $2.35, the above account is hereby sold, assigned and transferred unto E. C. White, his heirs or assigns.    (Seal)                ALLEN SCOTT.

"Subscribed and sworn to before me, this 15th day of May, 1901.

"R. A. HIGDON, Notary Public, Pettis county, Missouri."

"Sedalia, Mo., May 15, 1901.
"Missouri Pacific R. R. Co.:

"To Carl Morrow, Dr.: For working thirteen days checking baggage at Jefferson City, Missouri, during the month of April, for H. A. J. Sexton, Agent Mo. P. R. R. Co., at $1.00 per day, $13.00; Less hospital fees .25; Net balance due $12.75.  For and in consideration of $4.35 paid to me and receipt in full for board bill due to Mrs. Chas. Conrad from me, the above account is hereby sold, assigned and transferred unto E. C. White, his heirs or assigns.

(Seal)                "CARL MORROW.

"Subscribed and sworn to before me, this 15th day of May, 1901.

"R. A. HIGDON,
"Notary Public, Pettis county, Missouri."

Defendant then took a change of venue to another justice; where, after several continuances, both parties appeared and defendant moved to dismiss the case, "because no bill of items had been filed before issuing the original summons." The justice overruled the motion. Afterwards judgment was rendered for plaintiff and defendant appealed to the circuit court. In the latter court the defendant filed the following motion to dismiss the case:

"First. That this court has no jurisdiction to render any judgment in this cause whatever.

"Second. Because no statement of a cause of action in favor of the plaintiff and against the defendant

was originally filed before the justice of the peace before whom this action was instituted.

"Third. Because the justice before whom this cause was instituted had no power or authority to allow the plaintiff to file such statement eleven days after the beginning of said suit.

"Fourth. Because the statement which the plaintiff attempted to file before the justice of the peace at the beginning of this action was a nullity and the justice of the peace had no power or authority to allow the filing of the so-called amended statement, after the beginning of said suit.

"Fifth. Because the so-called amended statement stated no cause of action whatever, and does not in fact constitute any cause of action within the meaning of the law."

The trial court sustained the motion and the plaintiff appealed.

The motion should not have been sustained. It is true, the account originally filed was wholly insufficient. But it is provided by section 3853, Revised Statutes 1899, that no suit shall be dismissed by the justice for want of any statement, or for any defect or insufficiency thereof if the plaintiff shall file the instrument or account, or a sufficient statement before the jury is sworn or the trial commenced, or where required by the justice. That statute was followed in this case and gave plaintiff the right to a hearing (Carter v. Womack, 64 Mo. App. 338) unless the amended statement itself was insufficient. We, however, deem it clear that the amendment was all that could be reasonably required in actions before justices.

Defendant has not filed a brief on the merits but has asked that the judgment be affirmed for plaintiff's failure to present an abstract sufficient under the statute and rules of court. The original abstract was not such as is required. But plaintiff filed a supple-

mental one which cures all objection and we have held at this term that he may do that. Turney v. Ewins, 97 Mo. App. 620.

The judgment will be reversed and cause remanded. All concur.